**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MICHELLE R. PANKOW,<br>　　Plaintiff, | )<br>)<br>) |
| 　　v. | )　CAUSE NO.: 2:25-CV-330-JEM |
| | ) |
| FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>　　Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Michelle R. Pankow on July 23, 2025, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14], filed on December 23, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 24, 2026, the Commissioner filed a response, and Plaintiff filed a reply on March 17, 2026. For the following reasons, the Court remands the Commissioner's decision.

**I.      Background**

On January 17, 2023, Plaintiff filed applications for benefits, with an amended alleged onset date of January 17, 2022. Plaintiff's application was denied initially and upon consideration. On June 6, 2024, Administrative Law Judge ("ALJ") Mary P. Hubert held a telephonic hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On June 28, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.      The claimant has not engaged in substantial gainful activity since January 27, 2022, the amended alleged onset date.

2.      The claimant has the following severe impairments: bipolar disorder with psychosis, alcohol use disorder (in remission), polysubstance abuse (in remission), and attention deficit hyperactivity disorder.

3.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4.      The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple instructions and make judgments commensurate with functions of simple, repetitive tasks. The claimant is limited to occasional contact with coworkers and supervisors, but to limit the duration and intensity of interactions there should be no tandem work or team tasks. The claimant can have occasional contact with the general public. The claimant is able to deal with changes in a routine work setting.

5.      The claimant has no past relevant work.

6.      The claimant was an individual closely approaching advanced age on the amended onset date of January 17, 2022.

7.      The claimant has at least a high school education.

8.      Transferability of job skills is not an issue because the claimant does not have past relevant work.

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.     The claimant has not been under a disability as defined in the Social Security Act since January 17, 2022, the amended alleged onset date.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

2

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III.    Analysis

Plaintiff argues that the ALJ failed to explain how the RFC incorporated Plaintiff's limitations in concentration, persistence, and pace and the conclusion that she is able to sustain full-time work despite those limitations.  The ALJ found that Plaintiff has a moderate limitation in understanding, remembering, or applying information and moderate limitations in interacting with others, as well as moderate limitations with regard to concentrating, persisting, or maintaining pace. "Again and again, [the Seventh Circuit Court of Appeals] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is

apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619.

In this case, the ALJ's hypothetical to the VE did not mention any specific difficulty concentrating, persisting in a task, or maintaining pace. It reflected the same limitations as is in the ultimate RFC, describing someone who "can understand, remember, and carry out simply instructions, make judgments commensurate with the functions of simple repetitive tasks," with limits in their contact with coworkers and supervisors, "[a]nd is able to deal with changes in a routine work setting." AR 50. It is not apparent to the Court whether there are jobs that Plaintiff is able to do given her limitations in concentration, persistence, and pace and in interacting with others. *See, e.g., Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[W]e have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace. More to it, observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift.") (quoting *Winsted*, 923 F.3d at 477); *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and

limitations in concentration, persistence, and pace."); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public").

Plaintiff argues that the limitation to simple instructions and tasks is insufficient to reflect Plaintiff's difficulties. The state agency reviewing psychologists concluded Plaintiff has "sustained concentration and persistence limitations," including moderate limitations in "ability to carry out detailed instructions," "ability to maintain attention and concentration for extended periods," and "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR 78, 90. The ALJ explained that she found the opinions of the agency psychologists "generally persuasive," but chose to limit Plaintiff to "occasional interaction with supervisors and coworkers" rather than using the agency language of "brief and superficial" interactions. AR 27. She does not specifically address the other moderate limitations, interruptions, or ability to maintain a consistent pace. It is not apparent to the Court that the limitations of the agency psychologists were adequately accounted for in her RFC, and therefore in the questions to the VE. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (finding error where "the ALJ [] focused her analysis on the doctors' bottom-line conclusion that DeCamp was not precluded from working without giving the vocational expert any basis to evaluate *all* DeCamp's impairments, including those in concentration, persistence, and pace" because "even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms"); *Monday v. Comm'r of Soc. Sec.*, No. 4:23-CV-96 JD,

2025 WL 865146, at *6 (N.D. Ind. Mar. 20, 2025) ("In her opinion, the ALJ did not address the state agency psychologists' checkbox ratings regarding Ms. Monday's moderate limitations in concentration, persistence, and pace. Instead, the ALJ adopted their narrative opinions, finding them to be generally persuasive. But the narratives failed to encapsulate and translate the moderate checkbox findings, and the ALJ did not explain why she omitted those findings, thus producing an RFC that failed to incorporate all of Ms. Monday's limitations supported by the medical record."). In this case, the ALJ failed to explain why she omitted the narrative findings of the Agency psychologists, which gave a more comprehensive understanding of Plaintiff's moderate limitations, leaving an RFC that failed to incorporate all of the limitations in the medical record, without explanation, and leaving the Court unable to determine that the questions to the VE adequately accounted for Plaintiff's limitations. This is particularly notable given the psychologists' indications of Plaintiff's limitations in "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms" and need for rest periods and the VE testimony that "if someone is off task 15 percent of the time or more on an ongoing basis, there would be no jobs" they could do, and that "[e]mployers will typically allow one absence each month." AR 51.

An ALJ's decision denying benefits will be affirmed "so long as it is supported by substantial evidence, a threshold that is not high." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (citations and quotation marks omitted). Though ALJs do not need to discuss every piece of evidence, they are required to build a logical bridge spanning the evidence and conclusions "sufficient to allow [the reviewing court] to assess the validity of the ultimate findings and afford meaningful review," and ALJs must not "ignore a line of evidence supporting

a finding of disability." *Id.* In this case, there is no logical bridge between the evidence of Plaintiff's particular limitations and the conclusion that she is able to perform work.

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 2nd day of June, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record